IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER PAUL CAPOCCI,           :
                                    :
        Petitioner,                 :
                                    :
vs.                                 :     CIVIL ACTION 16-0507-WS-M
                                    :
CARTER DAVENPORT,                   :
                                    :
        Respondent.                 :

## REPORT AND RECOMMENDATION

Christopher Paul Capocci, a state inmate in the custody of Respondent, petitions this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72, and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this action. *See Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004). After careful consideration of the record, it is recommended that the petition be dismissed as procedurally barred.

## PROCEDURAL AND FACTUAL BACKGROUND

In November 2012, Petitioner was indicted in Baldwin County Circuit Court on charges of rape in the first degree and sexual abuse of a child less than twelve years of age. (Doc. 6-1 at

19.)   On December 21, 2012, Brian A. Dasinger, Esq., made a limited appearance on behalf of Petitioner.  (*Id.* at 52.)   On January 7, 2013, he was allowed to withdraw from the case.  (*Id.* at 66.)   On January 9, 2013, Mitzi Johnson-Theodoro, Esq., was appointed to represent Petitioner.  (*Id.* at 68.)   On January 17, 2013, she was allowed to withdraw from the case.  (*Id.* at 82.) On January 17, 2013, Mr. Dasinger made an appearance as retained counsel for Petitioner.  (*Id.* at 83.)

On October 10, 2013, a jury in Baldwin County Circuit Court returned a verdict against Petitioner, finding him guilty on both counts.  (Doc. 6-2 at 4-5.)   On November 21, 2013, the Circuit Court sentenced Petitioner to life in prison on each of the two counts, to be served concurrently.  (Doc. 6-2 at 10-13.) On December 9, 2013, James Russell Pigott, Esq., was appointed as appellate counsel for Petitioner.  (*Id.* at 16.)   On December 10, 2013, Mr. Dasinger was allowed to withdraw as counsel for Petitioner.  (*Id.* at 21.)

On March 20, 2014, Petitioner's appellate counsel filed a no-merit brief (Doc. 6-5) in the Alabama Court of Criminal Appeals, pursuant to *Anders v. California*, 386 U.S. 738 (1967). Following the filing of the *Anders* brief, the Alabama Court of Criminal Appeals gave Petitioner until April 11, 2014 to file any *pro se* issues on appeal with the Court, but Petitioner did not raise any.  (Doc. 6-7 at 1-2.)   The Court of Criminal

Appeals rendered final judgment on June 25, 2014.  (Doc. 6-8 at 1.)

On October 9, 2014, the Petitioner filed a Petition for Relief from Conviction pursuant to ALA. R. CRIM. P. 32 (state habeas corpus) in Baldwin County Circuit Court.  (Doc. 6-9 at 9.)  On January 30, 2015, the Circuit Court denied all claims of the Petitioner as precluded since they could have been raised on appeal.  (Doc. 6-9 at 43-44.)  On May 18, 2015, counsel for Petitioner filed a brief in the Alabama Court of Criminal Appeals appealing the Circuit Court's dismissal of his state habeas corpus petition.  (Doc. 6-10 at 39.)  On December 11, 2015, the Court of Criminal Appeals affirmed the Circuit Court's dismissal, finding that the Petitioner's claims were precluded by ALA. R. CRIM. P. 32.2(d).  (Doc. 6-12 at 8-11.)  On January 22, 2016, the Court of Criminal Appeals denied Petitioner's application for rehearing.  (Doc. 6-14 at 1.)  Petitioner's petition for a writ of certiorari was denied by the Supreme Court of Alabama on April 22, 2016.  (Doc. 6-16 at 1.)

Petitioner filed the instant § 2254 petition (Doc. 1) on September 30, 2016.  He attacks his conviction on the grounds that he was not adequately informed by his trial counsel about the plea offer made by the prosecution, which Petitioner states he would have accepted.  (Doc. 1 at 4-5.)

Respondent's brief in opposition asserts that the Petition brought here is procedurally defaulted because it was settled in state court on independent state law grounds. (Doc. 6 at 8.) On December 5, 2016, the undersigned ordered the Petitioner to show cause why his claim should not be dismissed as procedurally defaulted. (Doc. 10 at 1.) Petitioner timely responded to this Order, arguing that the Petition should not be dismissed as procedurally defaulted for several reasons: (1) the state procedural rule was inadequate, since it allowed a waiver of a federal right under circumstances where federal law forbids such waiver; (2) the Petitioner has demonstrated cause and prejudice sufficient to excuse any alleged procedural default; and (3) the state procedural rule may not result in a procedural default where it falls into the exception created by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

ANALYSIS

Before a federal court considers a habeas corpus petition from a state prisoner, the court must first determine whether the petitioner has properly presented the issues to the state courts. A state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also* 42 U.S.C. §

2254(b)(1) (a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."). The exhaustion doctrine requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review (writ of certiorari) to the Supreme Court of Alabama. *See* Ala. R. App. P. 4, 39-40.

A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. *O'Sullivan*, 526 U.S. at 848. The doctrine of procedural default, as it relates to petitions filed under 28 U.S.C. § 2254, arises from principles of comity and federalism. *Francis v. Henderson*, 425 U.S. 536, 541 (1976). A federal court "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A violation of a state procedural rule is adequate to foreclose

federal review if the rule is "firmly established and regularly followed." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). A state court's decision is independent unless the resolution of the state law issue depends on a federal constitutional ruling. *Stewart v. Smith*, 536 U.S. 856, 860 (2002).

Procedural default can arise in two ways. First, procedural default can occur when a petitioner raises his federal claims in state court, and "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). Second, procedural default can occur when a petitioner fails to raise his federal claims in state court, rendering the claims unexhausted, and the time to do so has lapsed. *Id.; see also O'Sullivan*, 526 U.S. at 843-45.

Once a federal claim is procedurally defaulted in state court, a state habeas petitioner "is procedurally barred from pursuing the same claim in federal court absent a showing of cause for an actual prejudice from the default." *Bailey*, 172 F.3d at 1302 *citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default was

the result of ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice, in this context, means a reasonable probability that the outcome would have been different. *Jenkins v. Bullard*, 210 Fed. App'x 895, 898-901 (11th Cir. 2006) (*per curiam*). A petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986). Absent one of these exceptions, however, procedurally defaulted claims cannot be raised in federal habeas corpus petitions. *Kelley*, 377 F.3d at 1343-45.

The Petitioner exhausted his remedies at state law, proceeding through the full appellate review process. (*See* Doc. 6-9 at 43-44; Doc. 6-12 at 8-11; Doc. 6-14 at 1; Doc. 6-16 at 1 *compare O'Sullivan*, 526 U.S. at 845 *and* Ala. R. App. P. 4, 39-40.) On review, the Alabama Court of Criminal Appeals found that the claim brought here was precluded by Ala. R. Crim. P. 32.2(d). (Doc. 6-12 at 10.) That rule concerns "preclusion of remedy"

regarding "claims of ineffective assistance of counsel" and states that

> [a]ny claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel raised in a successive petition.

ALA. R. CRIM. P. 32.2(d). The appeals court stated that Petitioner "could have discussed [the ineffective assistance claim] with his new counsel and could have practically raised [it] in a motion for new trial." (Doc. 6-12 at 10.) The Court of Criminal Appeals is referring to Petitioner's appellate counsel, who was appointed on December 9, 2013. (*Id.*; Doc. 6-2 at 16.) The deadline to file a motion for new trial was 30 days after sentencing (ALA. R. CRIM. P. 24.1(b)), which was December 21, 2013. (*See* Doc. 6-2 at 10-13.) No motion for new trial was filed by either trial or appellate counsel. (*See* Doc. 6-12 at 10.)

Such a decision must be "independent" and "adequate" to support a procedural bar. *See Bailey*, 172 F.3d at 1303. The Eleventh Circuit has established a three-part test to make this determination.

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." Finally, the state procedural rule must be adequate;

> *i.e.*, it must not be applied in an arbitrary or
> unprecedented fashion. The state court's procedural
> rule cannot be "manifestly unfair" in its treatment of
> the petitioner's federal constitutional claim to be
> considered adequate for the purposes of the procedural
> default doctrine.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) *citing Card v. Dugger*, 911 F.2d 1494, 1516-17 (11th Cir. 1990). The Alabama Criminal Court of Appeals was the last court to render judgment on Petitioner's matter and expressly stated its reliance on ALA. R. CRIM. P. 32.2(d). (*See* Doc. 6-12 at 10.) The appellate court's reasoning relies on a state rule of criminal procedure, without reference to any federal law or ruling. (*See id.*)

Petitioner argues that the rule in question is not "adequate" because its application here did not give the Petitioner an opportunity to accept or reject a plea offer himself, which constitutes ineffective assistance of trial counsel. (Doc. 11 at 7-9.) This is an argument on the merits of the Petition. (*See* Doc. 1.) As stated above, the Petitioner had the opportunity to raise the issue of ineffective assistance of counsel in a motion for new trial and did not. Both appellate counsel and Petitioner could have raised the issue on direct appeal, but did not. (Doc. 6-7 at 1-2.) Since Petitioner did not avail himself of two opportunities to present the issue earlier than the Rule 32, it is clear that the procedural rule at issue was not arbitrarily applied and its treatment of Petitioner's rights is not "manifestly unfair."

*See Judd*, 250 F.3d at 1313.   Thus, the procedural grounds for dismissal of the claim is both "independent" and "adequate" under the Eleventh Circuit's three-part test.  *See id.*

As stated above, a procedurally defaulted claim may nonetheless be considered on its merits if petitioner can demonstrate either (1) both cause for and prejudice from his failure to raise the issue in state court or (2) that failure to consider the merits would be a fundamental miscarriage of justice.  *See also Hart v. Dunn*, 2015 WL 6755304 at *6 (S.D. Ala. Nov. 4, 2015).   A "fundamental miscarriage of justice" occurs when a trial "probably resulted in the conviction of one who is actually innocent."  *Smith*, 477 U.S. at 537-38.   The Petitioner has not made any showing or claim of actual innocence, so the "fundamental miscarriage of justice" consideration does not apply here.  *See id.*

Petitioner argues that the "cause for and prejudice from" consideration applies here.  (Doc. 11 at 9-15.)   In order to show "prejudice" where a plea offer has lapsed because of counsel's "deficient performance," a Petitioner must demonstrate: (1) a reasonable probability he would have accepted the plea offer had they been afforded effective assistance of counsel; (2) a reasonably probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) a reasonable probability that the

end result of the criminal process would haven more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Missouri v. Frye*, 132 S.Ct. 1399, 1409 (2012). Petitioner has stated that he would have accepted the plea offer. (Doc. 1 at 5.) The prosecution continued to extend the offer up to the beginning of the second trial (*see* Doc. 6-9 at 32.) and there is no indication that it would not have been accepted by the trial court. The end result for Petitioner would likely have been more favorable in that persons convicted of a sex offense involving a child are not eligible for parole (ALA. CODE § 15-22-27.3 (1975)), whereas Petitioner would have been on a plea agreement. Petitioner has thus met the "prejudice" requirement for consideration of a procedurally defaulted claim. *See Frye*, 132 S.Ct. at 1409 *and Bailey*, 172 F.3d at 1302.

Petitioner has not met the "cause" requirement for consideration of a procedurally defaulted claim. *See Bailey*, 172 F.3d at 1302. As stated above, cause refers to an "objective factor external to the defense" which impeded counsel's efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. This can include ineffective assistance by the appellate counsel, but "[a]ttorney error short of ineffective assistance of counsel . . . does not constitute cause and will not excuse a procedural default."

*McCleskey v. Zant*, 499 U.S. 467, 494 (1991) *citing Murray*, 477 U.S. at 486-88.   Though Petitioner details several supposed deficiencies in the appellate counsel's efforts, there is no claim brought of ineffective assistance of counsel. (*See* Doc. 1 *generally*.)   In any case, such a claim could not be considered here; no such claim was brought in Petitioner's state habeas corpus proceeding and thus Petitioner has not exhausted his state law remedies for such a claim.   (Doc. 6-12 at 2-3 *compare O'Sullivan*, 526 U.S. at 845.)

Petitioner argues that the rules laid down by the Supreme Court in *Trevino v. Taylor*, 133 S.Ct. 1911 (2013) should apply here for establishing "cause." (Doc. 11 at 14-15.)   The *Trevino* rules apply where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . ." *Trevino*, 133 S.Ct. at 1921.   It is not clear that that is the case here.   However, even if the *Trevino* rules do apply, "cause" has not been established here.   *Id.* at 1918. Under *Trevino*, "cause" is established for reviewing a procedurally defaulted claim where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in

respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* [by law or as a practical matter] that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.

133 S.Ct. at 1918 *quoting Martinez v. Ryan*, 132 S.Ct. 1309, 1318-21.

Petitioner's ineffective assistance of trial counsel claim is a substantial one (*see Martinez*, 132 S.Ct. at 1318), but that is the only requirement met. There is no implication that counsel was ineffective on state collateral review. (*See* Doc. 1 *generally*.) Rather, Petitioner prays that the Court will apply this rule to ineffective assistance of appellate counsel. (Doc. 11 at 14-15.) The Supreme Court has not indicated that this rule applies in such a situation. More fundamentally, however, the Court stresses again that the claim of ineffective assistance of appellate counsel was not brought on collateral review and cannot be considered here. (Doc. 6-12 at 2-3 *compare O'Sullivan*, 526 U.S. at 845.)

The Petitioner has shown that he was likely prejudiced from any ineffective assistance of counsel that was rendered by his trial counsel, but has not shown cause why that claim was not brought at the appropriate time according to state procedural rules. Both cause and prejudice must be present for this Court to consider Petitioner's claim on its merits. *Bailey*, 172 F.3d at 1302; *see also Hart*, 2015 WL 6755304 at *6. Thus, Petitioner's claim is procedurally barred and this Court cannot

consider its merits.   *See O'Sullivan*, 526 U.S. at 848 *and Bailey*, 172 F.3d at 1302.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).   A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted)("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further").

In the instant action, Petitioner's claims are clearly procedurally barred, and he has failed to present extraordinary circumstances that prevented him from filing this action according to state procedural rules. *See O'Sullivan*, 526 U.S. at 848 *and Bailey*, 172 F.3d at 1302. He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's Petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## CONCLUSION

After careful consideration of the record, and for the reasons stated herein above, it is recommended that the Petition

(Doc. 1) be dismissed as procedurally barred, and that Petitioner is not entitled to a Certificate of Appealability or to proceed *in forma pauperis*[1] on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which

---

[1] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 30th day of December 2016.

/s/ Bert W. Milling, Jr.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE