IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER PAUL CAPOCCI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0507-WS-M |
| | ) |
| CYNTHIA D. STEWART, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Christopher Paul Capocci's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 1). Magistrate Judge Milling entered a Report and Recommendation (doc. 12) recommending that the § 2254 Petition be dismissed, to which Capocci has filed Objections (doc. 13). The undersigned now undertakes *de novo* review of those portions of the Recommendation to which objection is made, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), Fed.R.Civ.P.

**I.     Background.**

Following a jury trial, petitioner, Christopher Paul Capocci, was convicted in Alabama state court of one count of first-degree rape, in violation of Alabama Code § 13A-6-61(a)(3), and one count of first-degree sexual abuse, in violation of Alabama Code § 13A-6-66(a)(1). At sentencing, Capocci was found to be a habitual felony offender and was sentenced to two concurrent terms of life imprisonment. On direct appeal, Capocci's appointed appellate counsel (who was different than his trial counsel) filed an *Anders* brief. In light of this development, the Alabama Court of Criminal Appeals afforded Capocci an opportunity to raise any *pro se* issues he wished to be heard; however, Capocci elected not to respond. The Alabama Court of Criminal Appeals ultimately affirmed his convictions and sentences.

In his Rule 32 petition filed in Baldwin County Circuit Court after the conclusion of his direct appeals, Capocci asserted ten claims of ineffective assistance of his trial counsel. Claim 6, as described by the Alabama Court of Criminal Appeals, was as follows:

> "Counsel failed to accurately communicate the terms of the plea deal offered by the State to [Capocci], and that counsel failed to tell him the details of the offer made by the State until after the deadline imposed by the trial court had expired. [Capocci] further alleged that had he been told the exact terms of the State's offer, he would have accepted the plea agreement."

(Doc. 1, Exh. B, at 2.)  The Alabama Court of Criminal Appeals found that Claim 6 was procedurally barred by operation of Rule 32.2(d), which mandates that all claims of ineffective assistance of counsel "must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable."  Rule 32.2(d), Ala.R.Crim.P.  The appeals court reasoned that the applicable time frame for Capocci to raise Claim 6 for Rule 32.2(d) purposes was in a motion for new trial.  As the Court of Criminal Appeals explained:

> "[Capocci] had 30 days from his sentencing on November 21, 2013, to file a motion for new trial pursuant to Rule 24.1(b), Ala.R.Crim.P.  His appellate counsel was appointed on December 9, 2013, well within that 30-day window. No motion for new trial was filed.  Had [Capocci] wished to raise the issues alleged in Claim[] (6) …, he could have done so by informing his appellate counsel of his allegations against trial counsel and appellate counsel could have filed a motion for new trial prior to the expiration of the 30-day period.
> \*          \*          \*
> "Thus claim[] (6) … [is] precluded by Rule 32.2(d), as pleaded by the State, because [Capocci] could have discussed [it] with his new counsel and could have practically raised [it] in a motion for new trial."

(Doc. 1, Exh. B, at 10.)

In his ensuing § 2254 petition filed in federal court, Capocci raises a single claim of ineffective assistance of counsel, predicated on trial counsel's failure "to communicate anyway [*sic*] with the Petitioner prior to the expiration of the time allowed by the court for the petitioner to accept the plea bargain offered by the State."  (Doc. 1, at 4.)  The petition alleges, "Had the Petitioner been fully informed of the plea offer by the State the Petitioner would have taken the plea offer. … The Petitioners [*sic*] trial counsel's performance [was] below the prevailing professional norms considering all circumstances and as a result the Petitioner was prejudiced and was denied his constitutional right to effective assistance of counsel a [*sic*] Guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution."  (*Id.* at 5.)

In a Report and Recommendation (doc. 12) entered on December 30, 2016, the Magistrate Judge recommended that Capocci's habeas petition be dismissed as procedurally barred.  The reasoning undergirding that recommendation was as follows: (i) the Alabama Court of Criminal Appeals' adjudication of the ineffective assistance claim rests on an independent and

adequate state-law ground, namely Rule 32.2(d); (ii) the state appellate court did not apply Rule 32.2(d) in a manifestly unfair or arbitrary manner, inasmuch as Capocci or his appellate counsel had the opportunity to raise the issue in a motion for new trial or on direct appeal, but did not do so; (iii) Capocci failed to meet the "cause" prong of the cause and prejudice test for overcoming the procedural default, he asserted no claim of ineffective assistance of appellate counsel in his § 2254 petition and, even if he had done so, such claim was never exhausted in the state courts and therefore could not be considered on federal habeas review; and (iv) the Supreme Court's ruling in *Trevino v. Taylor*, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), does not support a finding of "cause" to excuse the procedural default here because it does not appear that the *Trevino* rules apply at all and, even if they do, Capocci failed to present a claim of ineffective assistance of appellate counsel to the state courts. On the basis of these determinations, the Report and Recommendation recommends that Capocci's § 2254 petition be dismissed as procedurally barred, and that he be granted neither a Certificate of Appealability nor leave to proceed *in forma pauperis* on appeal.

**II.     Analysis.**

Capocci's first objection to the Report and Recommendation concerns its determination that "the Petitioner had the opportunity to raise the issue of ineffective assistance of counsel in a motion for new trial and did not." (Doc. 12, at 9.) Capocci objects that this finding "fails to consider … that new appellate counsel was not appointed until 12 days prior to the deadline for filing a new trial motion." (Doc. 13, at 2.) Contrary to petitioner's objection, the Magistrate Judge was keenly aware of the temporal interval between appellate counsel's appointment and the deadline for filing a motion for new trial; indeed, he recited both on page 8 of the Report and Recommendation, just one page before the objected-to passage. Moreover, the Alabama Court of Criminal Appeals opinion prominently set forth the relevant dates and opined that, given the sequence of events, "appellate counsel could have filed a motion for new trial prior to the expiration of the 30-day period." (Doc. 1, Exh. B, at 10.) This conclusion rings true, given that the issues raised by Capocci with respect to the plea offer could be uncovered without preparation or scrutiny of a trial transcript; indeed, the pertinent facts on which the claim was based would have been known to Capocci immediately after the trial. Under the circumstances, the Court agrees with and adopts the Magistrate Judge's determination that the interval between appointment of appellate counsel and the deadline for Capocci to file a motion for new trial was

not so short that application of Rule 32.2(d) in these circumstances was arbitrary, manifestly unfair, or otherwise inadequate for purposes of the procedural default doctrine.[1]

Petitioner next objects to the Magistrate Judge's finding that Capocci "did not raise the issue of ineffective appellate counsel in his Petition." (Doc. 13, at 3.)  The Report and Recommendation is correct: Nowhere in his counsel-prepared § 2254 Petition did Capocci identify a claim of ineffective assistance of <u>appellate</u> counsel.  In framing the ineffective-assistance claim, Capocci states only that his "***trial counsel's*** performance" was "below the prevailing professional norms … and as a result the Petitioner was prejudiced and was denied his constitutional right to effective assistance of counsel." (Doc. 1, at 5 (emphasis added).)  Capocci's Petition does not reasonably advance any claim for relief that appellate counsel rendered constitutionally ineffective assistance.  In fact, far from branding appellate counsel with accusations of ineffective assistance, the § 2254 Petition takes pains to state that appellate counsel did nothing wrong.  For example, Capocci's Petition asserts that the Alabama appellate

---

[1]  As part of this objection, Capocci complains that "[n]ew appellate counsel did not visit the Petitioner in jail to learn of any alleged ineffective assistance of counsel." (Doc. 13, at 2.)  Whether a jailhouse visit happened or not, there were ample alternative means and ample time for Capocci to "inform[] his appellate counsel of his allegations against trial counsel and appellate counsel could have filed a motion for new trial prior to the expiration of the 30-day period," such that he "could have practicably raised them in a motion for new trial." (Doc. 1, Exh. B, at 10.)  Nothing about the application of Rule 32.2(d) as a procedural bar in these circumstances appears manifestly unfair.

Besides, even if petitioner were correct that it was impossible for him to raise the ineffective assistance issue relating to the proposed plea deal in a motion for new trial, he unquestionably could have done so on direct appeal.  In his Objections, Capocci states that if he had raised the issue on direct appeal, that issue "would still not have been raised in the proper manner according to the Alabama procedure, and as such would not have been heard." (Doc. 13, at 2.)  This statement is not correct.  Accepting Capocci's theory at face value, he had literally <u>no</u> opportunity to raise the issue in a motion for new trial; therefore, the first time he could have raised it was on direct appeal.  The state rule makes allowance for that circumstance.  *See* Rule 32.2(d) (ineffective-assistance claim "must be raised ***as soon as practicable***, either at trial, ***on direct appeal***, or in the first Rule 32 petition, ***whichever is applicable***") (emphasis added).  So even if Capocci were right that it was impossible for him to present the issue in a motion for new trial (and the Court has already found that he is not correct), that argument would not help him avoid the procedural bar of Rule 32.2(d) because, under that formulation, the direct appeal would have been the soonest practicable time for him to assert the ineffective-assistance claim and Rule 32.2(d) would have expressly authorized such a claim at that time, yet Capocci failed to do so, even when the Alabama Court of Criminal Appeals afforded him a direct, fair opportunity to raise any claims he wanted.

court made a "wrongful assumption that the Petitioner's new counsel on appeal had an opportunity to raise the issue in a new trial motion before the trial court." (Doc. 1, at 5.) Later in the § 2254 Petition, Capocci elaborates that "new counsel on appeal was never aware of the issue and ***never had a reasonable or sufficient opportunity to raise the issue before the trial court or to the Court of Appeals***." (*Id.* (emphasis added).) Such allegations are irreconcilable with petitioner's Objection to the Magistrate Judge's finding that the § 2254 Petition lacked a claim of ineffective assistance of appellate counsel, or his present insistence that he intended to articulate such a claim all along.[2]

As a corollary to his objection to the Magistrate Judge's finding that the § 2254 Petition does not present a claim for ineffective assistance of appellate counsel, Capocci balks at "the companion finding that even if he had done so, the claim was not exhausted as to state law remedies." (Doc. 13, at 3.) The Report and Recommendation included a straightforward

---

[2] In his Objections, petitioner indicates that if the Court does not find that his § 2254 Petition includes a claim of ineffective assistance of appellate counsel, then "Petitioner seeks permission of the Court to file an amendment to the Petition to clarify the claim prior to any denial or dismissal of the Petition." (Doc. 13, at 3.) Petitioner identifies no authority for this request; however, Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure generally apply to § 2254 proceedings insofar as they are not inconsistent with more specific statutory provisions or rules. Thus, Capocci's request to amend the § 2254 Petition is governed by Rule 15 of the Federal Rules of Civil Procedure. Under that rule, leave to amend is to be freely given when justice so requires; however, leave to amend may properly be denied on grounds such as undue delay or futility. *See, e.g., Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246 (11th Cir. 2015) ("a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment") (citation omitted). Capocci unduly delayed in seeking to amend his § 2254 Petition to bring a claim of ineffective assistance of appellate counsel, because he knew of the underlying facts that purportedly support such a claim at the time he filed his Petition, yet he waited until his Objections to the Report and Recommendation recommending dismissal of the Petition to express interest in pursuing such an amendment; and because such an amendment would unduly delay and prolong these proceedings. *See generally Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings."). Furthermore, the proposed amendment would be futile because of the exhaustion problem addressed *infra*. For these reasons, Capocci's request – embedded in Objections to the Report and Recommendation that, if adopted, would be dispositive of his habeas petition – to amend his § 2254 Petition in a manner setting out a brand-new claim of ineffective assistance of appellate counsel that contradicts the allegations of his existing habeas petition is **denied**.

determination that even if the § 2254 Petition contained a claim of ineffective assistance of appellate counsel (which it does not), "such a claim could not be considered here; no such claim was brought in Petitioner's state habeas corpus proceeding and thus Petitioner has not exhausted his state law remedies for such a claim." (Doc. 12, at 12.)  Capocci does not, and cannot, dispute that the ten claims for relief in his Rule 32 petition are devoid of any allegation of ineffective assistance of appellate counsel in failing to litigate the issue of ineffective assistance of trial counsel as to the plea offer.  (*See* doc. 1, Exh. B, at 2-3.)  Nor does Capocci quarrel with the Magistrate Judge's formulation of the exhaustion doctrine as requiring petitioners to give the state courts an opportunity to act on their claims before presenting them to a federal court on habeas review.  *See generally Preston v. Secretary, Florida Dep't of Corrections*, 785 F.3d 449, 457 (11th Cir. 2015) ("For a federal claim to be exhausted, the petitioner must have fairly presented [it] to the state courts. … The purpose of the exhaustion requirement is straightforward: the petitioner must have given the state courts a meaningful opportunity to address his federal claim.") (citations and internal quotation marks omitted).  Thus, the Report and Recommendation correctly observes that any claim of ineffective of assistance of appellate counsel that Capocci might have included in the § 2254 Petition would have flunked the exhaustion prerequisite for federal habeas review.  Petitioner's objection to that determination is unfounded.[3]

---

[3] This conclusion is not weakened by Capocci's insistence in the Objections that he "has no state remedy available for him to exhaust." (Doc. 13, at 4.)  He could have presented his ineffective assistance of appellate counsel claim in his Rule 32 petition.  He chose not to do so.  Petitioner nonetheless maintains that if he had raised such a claim in his Rule 32 petition, Alabama courts would have found that "the claim was barred" because it "could have been, but was not, raised at trial." (Doc. 13, at 3-4.)  This contention is inscrutable.  Petitioner does not explain why he thinks a claim of ineffective assistance of <u>appellate</u> counsel could have been raised at trial.  Of course, appellate counsel could not have been ineffective at trial because that counsel did not represent Capocci at trial.  The purported ineffectiveness of appellate counsel (*i.e.*, failure to raise the ineffective-assistance plea offer claim via motion for new trial or on direct appeal) did not manifest itself until later, when his direct-appeal counsel was replaced by new lawyers.  Petitioner does not explain – and the Court does not perceive – how he believes any claim of ineffective assistance of appellate counsel that he might have presented in his Rule 32 petition would have been barred because "[s]uch claim could have been, but was not, raised at trial."  At any rate, Rule 32.2(d) specifically contemplates scenarios in which ineffective assistance claims are properly presented for the first time in a Rule 32 petition.  *See* Rule 32.2(d), Ala.R.Crim.P. ("Any claim that counsel was ineffective must be raised as soon as practicable, (Continued)

Capocci's third objection concerns the Report and Recommendation's determination that the Supreme Court's decision in *Trevino v. Taylor*, 133 S.Ct. 1911 (2013), does not alter the "cause" analysis here for purposes of overcoming the procedural default. On its face, the rule in *Trevino* applies only where a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S.Ct. at 1921. Petitioner offers no evidence or persuasive argument that Alabama's procedural framework makes it highly unlikely in a typical case for a defendant to have a meaningful opportunity to raise an ineffective-assistance claim on direct appeal. There has been no sound reason articulated in this case why Capocci (via his appellate counsel) could not have fully, meaningfully litigated via motion for new trial or on direct appeal the question whether trial counsel rendered ineffective assistance in failing properly to communicate the State's plea offer to Capocci. The Court cannot find on this nonexistent showing by Capocci that Alabama's procedural framework makes it "virtually impossible" for a defendant to have a meaningful opportunity to litigate an ineffective assistance claim prior to collateral review. Therefore, the *Trevino* rule has not been shown to have any application here.

Even if Capocci could satisfy the threshold requirement for *Trevino* to apply, that determination would not help him. The rule in *Trevino* is that, where a state procedural framework makes it virtually impossible for a defendant in a typical case to raise a claim of ineffective assistance of trial counsel on direct appeal, "[a] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was

---

either at trial, on direct appeal, **or in the first Rule 32 petition**, whichever is applicable.") (emphasis added). Insofar as Capocci might be trying to argue that the performance of his counsel on direct appeal did not matter because the ineffective-assistance claim relating to trial counsel and the plea offer was doomed, that argument would undermine the "prejudice" prong of a *Strickland v. Washington* analysis directed at the performance of appellate counsel. If appellate counsel's performance did not matter, then Capocci could not have been prejudiced by any deficiencies therein. For all of these reasons, the Court therefore rejects Capocci's contention that it was impossible for him to raise claims of ineffective assistance of appellate counsel in state court because such claims would have been barred under Alabama procedural rules.

ineffective." *Trevino*, 133 S.Ct. at 1921 (citation omitted).[4]  But Capocci is not arguing that his Rule 32 counsel ineffectively failed to raise a claim of ineffective assistance of <u>trial</u> counsel with respect to the plea offer.  Obviously, Rule 32 counsel did raise that precise claim as Claim 6 of Capocci's initial Rule 32 petition.  Rather, Capocci endeavors to rely on *Trevino* to litigate what he says is the ineffective assistance of Rule 32 counsel in failing to argue that Capocci's <u>appellate</u> counsel was ineffective in not raising the issue of ineffective assistance of trial counsel with respect to the plea offer.  By its terms, *Trevino* creates only a very narrow exception to procedural default allowing a federal habeas court to hear "a substantial claim of ineffective assistance ***at trial***."  133 S.Ct. at 1921 (emphasis added).  Yet Capocci would have this Court extend *Trevino* to reach what he says is a claim (not pleaded in his § 2254 Petition and not properly before the Court) of ineffective assistance <u>on direct appeal</u>.  *Trevino* is too narrowly circumscribed to cover this situation.[5]  Even if the *Trevino* rule could be extended in the manner

---

[4]     To be clear, *Trevino* was an extension of *Martinez v. Ryan*, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), wherein the Supreme Court held as follows: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  132 S.Ct. at 1320.  Unlike *Martinez*, *Trevino* addressed a circumstance in which applicable state law did not require the petitioner to raise the claim during his first state collateral review proceeding, but the structure and design of the state procedural law made it virtually impossible for a petitioner to raise such a claim on direct review.  The *Trevino* decision, reduced to its essence, was that this distinction did not matter, and that the *Martinez* holding applies whether either (i) state procedural law requires a petitioner to raise a claim of ineffective assistance of trial counsel in his first state postconviction petition, or (ii) state procedural law nominally allows the petitioner to raise the claim sooner, but makes it virtually impossible to do so in the typical case.  This rule is exceedingly narrow; indeed, the *Martinez* Court emphasized that it applies only in "the limited circumstances recognized here" and "does not concern attorney errors in other kinds of proceedings."  132 S.Ct. at 1320.

[5]     *See, e.g., Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014) ("To the extent Reed suggests that his ineffective-assistance-of-appellate-counsel claims also should be considered under *Martinez*, we decline to do so."); *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) ("We therefore decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal."); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("*Martinez* applies only to a prisoner's procedural default of a claim of ineffective assistance at *trial*, not to claims of deficient performance by appellate counsel") (citation and internal quotation marks omitted); *Porter v. Genovese*, --- Fed.Appx. ----, 2017 WL 167469, *5 (6th Cir. Jan. 17, 2017) ("the law of this circuit is that *Martinez*/*Trevino*'s limited exception does not extend to claims of (Continued)

requested, the fact remains that no claim of ineffective assistance of appellate counsel is presented in Capocci's § 2254 Petition; therefore, petitioner is seeking to use *Trevino* to excuse procedural default of a claim that he has not even raised in these federal habeas proceedings. This Objection is **overruled**.[6]

Finally, Capocci objects to the Report and Recommendation's finding that he "has not shown cause why [his claim for ineffective assistance of trial counsel with respect to the plea offer] was not brought at the appropriate time according to state procedural rules." (Doc. 12, at 13.) The Court agrees with the Magistrate Judge that petitioner has not shown "cause" to excuse the procedural default of his ineffective-assistance claim.[7] That claim was known to him and

---

ineffective assistance of appellate counsel"); *Eggers v. State*, 2015 WL 7567551, *24 (N.D. Ala. Nov. 25, 2015) (in the wake of *Martinez/Trevino*, "the fact that Eggers had no Rule 32 counsel to present this ineffective assistance of appellate counsel claim cannot serve as cause for the default"); *Moody v. Thomas*, 89 F. Supp.3d 1167, 1265-66 (N.D. Ala. 2015) ("*Martinez* addressed claims of ineffective assistance of *trial* counsel which were not raised in the initial post-conviction proceeding, not claims of ineffective assistance of appellate counsel. … *Martinez* does not affect the procedural default of Moody's ineffective assistance of appellate counsel claim").

[6] In this Objection, Capocci suggests that his § 2254 Petition "does raise the issue of potential ineffective assistance of counsel at the collateral review stage." (Doc. 13, at 4.) It appears that he is now trying to argue that he is bringing a federal habeas claim predicated on ineffective assistance of his Rule 32 counsel. Even if such a claim were fairly presented in his § 2254 Petition (which it is not), it would not be cognizable as a matter of law. *See, e.g., Lambrix v. Secretary, Florida Dep't of Corrections*, 756 F.3d 1246, 1263 (11th Cir. 2014) ("any attempt to investigate and present a claim for relief based on the ineffective assistance of state collateral counsel would be futile because a claim of ineffective assistance of state collateral counsel does not constitute a valid ground for habeas relief").

[7] The law is clear that "existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Hamm v. Commissioner, Alabama Dep't of Corrections*, 620 Fed.Appx. 752, 762 (11th Cir. Aug. 3, 2015) (citation omitted). "Objective factors that demonstrate cause include interference by state officials that frustrates compliance with the procedural rules, the unavailability to counsel of the factual or legal basis for a claim, and constitutionally ineffective assistance of counsel." *Id.* As explained in the Report and Recommendation, Capocci has shown none of these. Petitioner's argument in his Objection that "the Petitioner has set out in some detail the events that lead [*sic*] to the claim not being brought in a new trial motion" (doc. 13, at 4) is meritless because none of the (Continued)

available to him at the conclusion of his trial.  He could have alerted his newly-appointed appellate counsel to the issue with sufficient time to file a motion for new trial, or certainly to pursue that ground on direct appeal.  He could have raised the issue himself when the Alabama Court of Criminal Appeals solicited any issues he wished to present in the wake of his appellate counsel's *Anders* brief.  But Capocci did none of these, instead waiting until his Rule 32 petition to raise the issue for the first time, in violation of a clear state procedural rule (Rule 32.2(d)) requiring him to bring that ineffective-assistance claim as soon as practicable.  The Alabama courts relied on that independent and adequate state-law ground to reject this claim, and Capocci has failed to show cause to overcome the procedural default.

### III.     Conclusion.

For all of the foregoing reasons, and after due and proper consideration of the issues raised and a *de novo* determination of those portions of the record to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **adopted** as the opinion of this Court.  Petitioner's Objections (doc. 13) are **overruled** in their entirety.  It is **ordered** that Capocci's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 1) is **denied** and that this action is **dismissed with prejudice**.  The Court **certifies** that any appeal from this determination would be frivolous and not brought in good faith; therefore, Capocci may not take an appeal *in forma pauperis*, and will not be granted a certificate of appealability in connection with any such appeal.

DONE and ORDERED this 25th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

circumstances he describes are objective factors external to the defense that might rise to the level of cause.